IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRONSON L. BROWN,<br><br>          *Plaintiff*,<br><br>v.<br><br>BLAIR COUNTY PRISION, *et al*,<br><br>          *Defendants*. | Civil Action No. 3:23-cv-126<br><br>Hon. William S. Stickman IV<br>Hon. Kezia O. L. Taylor |

**<u>ORDER OF COURT</u>**

*Pro se* Plaintiff Bronson L. Brown ("Brown") brought this civil rights action for events that occurred on December 22, 2022, and on other unidentified dates, while he was a pretrial detainee in the Blair County Prison. (ECF No. 16). Defendants Nathaniel Port ("Port"), Dave Fogle ("Fogle"), Stephen Jacobs ("Jacobs"), and Jacob Wagner ("Wagner") (collectively, "Defendants") filed a Motion to Dismiss the Amended Complaint. (ECF No. 23). Magistrate Judge Kezia O. L. Taylor issued an Amended Report and Recommendation on August 5, 2024, recommending that the motion be: (1) granted as to Brown's Fourth Amendment, Fifth Amendment, and Sixth Amendment claims, as well as to his retaliation and intentional infliction of emotional distress claims; and (2) denied as to Brown's Eighth Amendment and the supervisor's personal involvement claims. Magistrate Judge Taylor further recommended that the Court not grant qualified immunity to any defendant, but rather, permit Brown to amend his complaint to further describe in specific detail how each named defendant is involved in the alleged constitutional violations. (ECF No. 35). Brown and Defendants filed objections. (ECF Nos. 36-39). The case was reassigned to the undersigned on February 24, 2025. (ECF No. 41).

Objections to a magistrate judge's disposition of a dispositive matter are subject to *de novo* review before the district judge. 28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(3). The reviewing district court must make a *de novo* determination of those portions of the magistrate judge's report and recommendation to which objections are made. *Id*. Following *de novo* review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Upon review of Magistrate Judge Taylor's Amended Report and Recommendation, the objections filed thereto, and the Court's *de novo* review of the record in this matter, IT IS HEREBY ORDERED that the objections (ECF Nos. 36 and 38) are OVERRULED. The Court has exercised its *de novo* review and concurs with Magistrate Judge Taylor's thorough analysis and her legal conclusions. It has independently reached the same legal conclusions for the same reasons expressed in her Amended Report and Recommendation. Therefore, the Court hereby APOPTS Magistrate Judge Taylor's Amended Report and Recommendation (ECF No. 35) as its Opinion.

AND NOW, this __5__ day of March 2025, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss the Amended Complaint (ECF No. 23) is GRANTED IN PART and DENIED IN PART.

- The motion is GRANTED as to the Fourth Amendment, Fifth Amendment, and Sixth Amendment claims, and they are DISMISSED WITH PREJUDICE. The

- retaliation and intentional infliction of emotional distress claims are DISMISSED WITH PREJUDICE.[1]

- The motion is DENIED as to Brown's Eighth Amendment and supervisor's personal involvement claims. The motion is further DENIED as no defendant will be granted qualified immunity at this juncture in the case.

- IT IS FURTHER ORDERED that Brown shall file a Second Amended Complaint on or before **April 10, 2025**. Brown should describe therein, in specific detail, how each named defendant is involved in the only remaining alleged constitutional violation (his Eighth Amendment claim), as well as to specifically name the defendants who allegedly interfered with his access to court. He should include references to relevant dates, times and locations. Brown is directed to comply with Federal Rule of Civil Procedure 8 when filing his Second Amended Complaint.

BY THE COURT:

_____
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

---

[1] The Court holds that further amendment of these claims would be futile. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997) (a court may decide to deny leave to amend for reasons such as undue delay, bad faith, dilatory motive, prejudice, and futility); *see also* 3 James Wm. Moore et al., *Moore's Federal Practice* ¶ 15.15 (3d ed. 2024) ("An amendment is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss."). Brown has already had one chance to amend, and he cannot overcome his pleading deficiencies as to these claims for the reasons set forth by Magistrate Judge Taylor in her Amended Report and Recommendation.