IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRONSON L. BROWN,<br><br>*Plaintiff*,<br><br>v.<br><br>BLAIR COUNTY PRISON, *et al*,<br><br>*Defendants*. | Civil Action No. 3:23-cv-126<br><br>Hon. William S. Stickman IV<br>Hon. Kezia O. L. Taylor |

## ORDER OF COURT

*Pro se* Plaintiff Bronson L. Brown ("Brown") brought this civil rights action for events that occurred on December 22, 2022, and on other unidentified dates, while he was a pretrial detainee in the Blair County Prison. (ECF No. 16). Brown was permitted numerous amendments, and the operative pleadings at issue are his second amended complaint and supplement. (ECF Nos. 43, 59). Pending before the Court are two motions to dismiss filed by Defendants Stephen Jacobs and Jacob Wagner. (ECF Nos. 44 and 60). Magistrate Judge Kezia O.L. Taylor issued a Report and Recommendation recommending that the motions be granted, and that all claims against Defendants Stephen Jacobs and Jacob Wagner be dismissed with prejudice, and any access-to-courts claims be dismissed with prejudice. (ECF No. 75). Brown was given the opportunity to file objections.

No objections having been filed, the Court hereby ADOPTS Magistrate Judge Taylor's Report and Recommendation as its Opinion. It agrees with her thorough analysis and legal conclusions.

AND NOW, this 3rd day of December 2025, IT IS HEREBY ORDERED that the Motion to Dismiss the Second Amended Complaint (ECF No. 44) and supplemental motion (ECF No.

60) are GRANTED. All claims against Defendants Stephen Jacobs and Jacob Wagner are dismissed with prejudice. Any access-to-courts claims are dismissed with prejudice.[1]

IT IS FURTHER ORDERED that Defendants Stephen Jacobs and Jacob Wagner are hereby TERMINATED as parties to this action.

AND IT IS FINALLY ORDERED that the sole remaining claims in this action are Brown's Eighth Amendment claims against Defendants Dave Port and Nathaniel Fogle.

                                                            BY THE COURT:

                                                            s/ William S. Stickman IV
                                                            WILLIAM S. STICKMAN IV
                                                            UNITED STATES DISTRICT JUDGE

---

[1] The Court holds that further amendment of these claims would be futile. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (a court may decide to deny leave to amend for reasons such as undue delay, bad faith, dilatory motive, prejudice, and futility); *see also* 3 James Wm. Moore et al., Moore's Federal Practice ¶ 15.15 (3d ed. 2024) ("An amendment is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss."). Despite being given numerous opportunities to amend, Brown cannot overcome his pleading deficiencies as to these claims for the reasons set forth by Magistrate Judge Taylor in her Report and Recommendation.